UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHARLES R. JONES,

                    Plaintiff,              08-CV-6586

       v.                                    **DECISION
                                                and ORDER**

LIFE INSURANCE COMPANY OF NORTH
AMERICA

                    Defendants.
_____

## **INTRODUCTION**

    Plaintiff, Charles R. Jones ("Plaintiff"), brought this action pursuant to the Employee Retirement Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"), seeking long term disability benefits under an employee benefit plan (the "Plan") issued by Life Insurance Company of North America ("LINA" or "Defendant"). In a Decision and Order dated May 20, 2011, this Court granted in part and denied in part both parties' motions for summary judgment. (Docket #51). Both Plaintiff and LINA now move for attorney's fees and costs pursuant to 29 U.S.C. § 1132 (g)(1). Both motions are opposed. Plaintiff's motion for attorney's fees and costs is granted, however the fees and costs requested are reduced for the reasons set forth herein. Defendant's motion for attorney's fees and costs is denied.

    Plaintiff also moves for an award of back benefits in the amount of $25,722.60 and pre-judgment interest in the amount of

1

$900.29. LINA does not contest the award of back benefits or pre-judgment interest, but its calculations are slightly different: $26,730.60 for back benefits and $893.13 for pre-judgment interest. Because Plaintiff has not contested LINA's alternate calculations and because the parties' calculations are not significantly different, this Court Orders that LINA pay Plaintiff $26,730.60 in back benefits and $893.13 in pre-judgment interest.

## BACKGROUND

The background of this case is set forth in this Court's Decision and Order granting in part and denying in part the parties' motions for summary judgment. Accordingly, the facts are only repeated here as necessary to explain this Court's decisions on the instant motions.

On May 20, 2011, this Court granted Plaintiff's motion for summary judgment to the extent that he sought long-term disability benefits under the Plan. This Court specifically found that Plaintiff was disabled under the Plan definition of disability and that LINA failed to consider relevant evidence from Plaintiff's treating physicians, denying him a full and fair review of his claim. Without reaching the actual merits, this Court dismissed Plaintiff's claim for breach of a fiduciary duty, as it was largely duplicative of his claim for benefits and the relief he sought was identical.

This Court also granted LINA's cross-motion for summary

judgment on its claim for offset, based on the Plan and a reimbursement agreement signed by Plaintiff, requiring that he reimburse LINA to the extent that benefits were overpaid based on his receipt of social security disability benefits. LINA was then ordered to calculate and pay Plaintiff back-benefits pursuant to the Plan, with interest, less $35,877.40, the amount Plaintiff owed LINA pursuant to the Plan and reimbursement agreement.

## **DISCUSSION**

Plaintiff now seeks attorney's fees in the amount of $115,837.50, representing 202.5 hours of work performed by Howard D. Olinsky, Esq., a partner at Olinsky & Shurtliff at a rate of $350 per hour; 34.2 hours performed by Jaya A. Shurtliff, Esq, a partner at Olinsky & Shurtliff, at a rate of $350 per hour; and 132.6 hours of work performed by Marcie P. Eaton, a associate in her second year at Olinsky & Shurtliff, at a rate of $250.00 per hour. Plaintiff also seeks costs in the amount of $1,126.93. Defendant argues that this Court should not exercise its discretion to award Plaintiff attorney's fees and costs and, in the alternative, that the fees requested are excessive and that costs incurred prior to this lawsuit should be excluded.

Defendant cross-moves for an award of attorney's fees in the amount of $43,596.80, representing 9 hours of work performed by Fred N. Knopf, Esq., a partner at Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, at a rate of $284 per hour; and 176.9 hours of work

3

performed by Emily A. Hayes, Esq., now a partner at Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, at a rate of $232 per hour. Defendant also seeks costs in the amount of $2,851.15. Plaintiff argues that awarding Defendant attorney's fees and costs is inappropriate in this case and that Plaintiff's requested fees are reasonable. Plaintiff has not responded to Defendant's argument that certain costs should be excluded.

**I.   Award of Attorney's Fees and Costs**

29 U.S.C. § 1132(g)(1) states, "[i]n any action under this subchapter...by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." Prior to the Supreme Court's recent decision in Hardt v. Reliance Standard Life Insurance Co., --- U.S. ----, 130 S. Ct. 2149 (2010), interpreting § 1132, courts in this Circuit and others used a set of factors to determine whether a district court should exercise its discretion under § 1132 to award attorney's fees and costs. See Hardt, at 2158 (discussing use of factors in the Fourth Circuit); see also Chambless v. Masters, Mates & Pilots Pension Plan, 815 F.2d 869, 871 (2d Cir.1987)(outlining the factors employed in the Second Circuit). The Court in Hardt held that the test for determining whether a court should exercise its discretion to award fees to either party pursuant to § 1132, is whether that party achieved "some degree of success on the merits." Hardt, 130 S.Ct. at 2158. "A claimant does

4

not satisfy that requirement by achieving trivial success on the merits or a purely procedural victory, but does satisfy it if the court can fairly call the outcome of the litigation some success on the merits without conducting a lengthy inquiry into the question whether a particular party's success was substantial or occurred on a central issue." Id. (internal citations omitted).

The Supreme Court, however, did not foreclose the possibility that a district court might utilize a set of factors to determine whether to exercise its discretion, if it has initially determined that a party is eligible for a fee award because it has achieved some degree of success on the merits. Id. at note 8. Recently, the Second Circuit stated, "[a] court may apply—but is not required to apply—the Chambless factors in channeling its discretion when awarding fees under § 1132(g)(1). So long as a party has achieved some degree of success on the merits." See Toussaint v. JJ Weiser, Inc., --- F.3d ----, 2011 WL 2175987, *2 (2d Cir. 2011).

Here, both parties achieved some degree of success on the merits. Plaintiff was successful in his claim that he was entitled to long-term disability benefits under the Plan, and LINA was successful on its counterclaim for offset, which reduced the back benefits owed Plaintiff by more than 50%. Accordingly, pursuant to Hardt, both parties are eligible for attorney's fees and costs. However, further examination of the facts and circumstances of this case is necessary to determine whether and to whom attorney's fees

5

and costs should be awarded. Therefore, this Court will consider the five-factors outlined in Chambless in analyzing the parties' fee applications.

In Chambless, the Second Circuit stated that the consideration of fee applications is based on the following five factors: "(1) the degree of the offending party's culpability or bad faith, (2) the ability of the offending party to satisfy an award of attorney's fees, (3) whether an award of fees would deter other persons from acting similarly under like circumstances, (4) the relative merits of the parties' positions, and (5) whether the action conferred a common benefit on a group of pension plan participants."[1] 815 F.2d 869, 871.  These factors are considered in light of the relative positions of the parties, as the Second Circuit noted in Toussaint, "Hardt also does not disturb our observation that 'the five factors very frequently suggest that attorney's fees should not be charged against ERISA plaintiffs.'" Toussaint at *2 (citing Salovaara v. Eckert, 222 F.3d 19, 28 (2d Cir.2000).  For example, with respect to the first factor, the relative "culpability" typically weighs in favor of the plaintiff because a "losing defendant must have violated ERISA, thereby depriving plaintiffs of rights under a [benefits] plan and violating a Congressional mandate." See Salovaara, 222 F.3d at 28.

---

[1] The fifth factor is not at issue in this case, as there is no evidence that this lawsuit or Defendant's counterclaim for offset conferred any benefit on any other plan participant. Accordingly, this Court only considers the first four factors.

6

On the other hand, a losing plaintiff, typically is only unable to prove his case or in error for some other reason. Id.

Considering the first factor, while this Court found that LINA was entitled to offset a portion of the back-benefits owed Plaintiff, and determined that Plaintiff's arguments with respect to the counterclaim were without merit, this Court does not find that Plaintiff's culpability in failing to abide by his contractual obligation in the first instance outweighs the Defendant's culpability in failing to consider relevant evidence in examining Plaintiff's claim for benefits.  The Court also does not find that Plaintiff acted in bad faith in bringing his claim for benefits and there is no evidence that his failure to timely reimburse Defendant pursuant to the reimbursement agreement was in done bad faith, rather than by mere mistake or oversight.  Further, while this Court found that Plaintiff was entitled to long term disability benefits under the plan, and now finds that Defendant is culpable by failing to grant Plaintiff a full and fair review of his claim, Plaintiff has not shown that Defendant's conduct rises to the level of bad faith.

Similarly, with respect to the fourth factor, the merits of Plaintiff's claim for benefits do not necessarily outweigh the merits of Defendant's claim for offset and vice versa.  And the Court does not find that either party raised frivolous arguments, although some were ultimately found to be without merit.

However, given that the majority of the parties' arguments and analysis of the facts dealt with Plaintiff's entitlement to long-term disability benefits, Defendant's counterclaim, while not insignificant, would necessarily have taken fewer attorney hours. The Court cannot find that even if Plaintiff is culpable, and even if defendant was successful on the merits of its counterclaim, that it should be granted attorney's fees for time which was spent on defending against his claim for benefits. And, following the same reasoning, Plaintiff should not be denied the full amount of claimed attorney's fees based on an unsuccessful defense to a counterclaim, which was a minor portion of this lawsuit. Accordingly, this Court finds that factors one and four tip in favor of the Plaintiff's claim for attorney's fees and costs.

I find that the deterrence factor also tips slightly in favor of the Plaintiff. It may be the case that future plaintiffs could be deterred from failing to abide by contractual obligations, should Plaintiff be denied attorney's fees and Defendant granted attorney's fees; however, it is also just as likely that a person who has been denied benefits to which he believes he is entitled, would refrain from reimbursing an insurance company until his claims are decided with finality, as it is possible that the monies required to be reimbursed could be offset against any back-benefits owed, which people in Plaintiff's position may lack the resources to pay outright.  While I do not condone Plaintiff's failure to

abide by this obligation, I cannot say that denying Plaintiff attorney's fees or awarding Defendant attorney's fees would necessarily deter future plaintiff's from acting in the same manner.  Further, the Second Circuit has stated that "[t]he deterrence factor should be used as a shield, to protect beneficiaries from the fear of having to pay to pursue an important ERISA claim in the event of failing to prevail, and not as a sword to discourage beneficiaries from pursuing certain meritless claims." Seitzman v. Sun Life Assurance Co. of Canada, Inc. 311 F.3d 477, 486 (2d Cir. 2002).  However, in contrast, this Court does find that an award of attorney's fees to Plaintiff would likely deter a similarly situated ERISA plan insurer from failing to conduct a full and fair review of the medical evidence when reviewing claims for disability benefits. Accordingly, I find that this factor tips in favor of the Plaintiff.

With respect to the second factor, this Court finds that this factor weighs in favor of the Plaintiff. While Plaintiff has not specifically contested his ability to pay an award of attorney's fees, or provided the Court with financial information regarding his ability to pay, the Court notes that he is currently an unemployed, social security disability recipient.  Therefore, Plaintiff's ability to pay an award of attorney's fees is diminished by his economic status, and he would suffer greater financial difficulty than would LINA.  LINA does not argue that it

9

lacks the ability to pay an award of attorney's fees and costs, but argues that this factor is neutral. This Court disagrees.

For the reasons stated above, this Court finds that the <u>Chambless</u> factors favor Plaintiff's fee application. Accordingly, Plaintiff's motion for attorney's fees and costs is granted, and Defendant's cross-motion for attorney's fees and costs is denied. Because this Court determines that Defendant should not be awarded attorney's fees and costs, the Court need not address Plaintiff's remaining argument regarding the timeliness of Defendant's application.

**II. Reasonableness of Attorney's Fees**

Defendant also argues that Plaintiff's requested fees are unreasonable because the hourly rates and the amount of time spent on particular tasks was excessive. To determine whether attorney's fees are reasonable, courts multiply the number of hours reasonably expended by the reasonable hourly rate. <u>Hensley v. Eckerhart</u>, 461 .S. 424, 434 (1983). The Court will also consider the results obtained and will exclude hours that are not reasonably expended or that are "excessive, redundant, or otherwise unnecessary," and "exclude any hours dedicated to severable, unsuccessful claims." <u>Klimbach v. Spherion Corp.</u>, 467 F.Supp. 2d 323, 331 (W.D.N.Y. 2006)(citing <u>Hensley</u>, 461 U.S. at 434, 103 S.Ct. 1933; <u>New York Ass'n for Retarded Children v. Carey</u>, 711 F.2d 1136, 1146 (2d Cir.1983); <u>Quaratino v. Tiffany & Co.</u>, 129 F.3d 702 (2d Cir.1997)).

To determine the reasonable hourly rate, courts look to fees charged by attorneys of similar skill in the community. Blum v. Stenson, 465 U.S. 886, 895 (1984). The burden is on the fee applicant to produce sufficient evidence regarding the reasonable hourly rate. Klimbach, 467 F.Supp. 2d at 331.

Plaintiff requests an hourly rate of $350 for partners and $250 for a second-year associate. Plaintiff cites to several cases in the Southern District of New York and to cases in the District Courts in California. Plaintiff has not carried his burden of showing that $350 for partners and $250 for a second-year associate are reasonable hourly rates in this community, *i.e.* the Western District of New York. This District has previously awarded fees in ERISA cases at an hourly rate of $250 for partners and $180 for associates. See e.g. Klimbach, 467 F.Supp. 2d at 332; Geist v. Hartford Life and Acc. Ins. Co., No. 07-CV-0064, 2010 WL 5392647 (W.D.N.Y. November 29, 2010). Accordingly, I find that a reduction in the hourly rate is appropriate. Partners Olinsky and Shurtliff will be awarded fees at an hourly rate of $300 per hour and Eaton at an hourly rate of $200 per hour.

Further, the time spent on opposing Defendant's counterclaim should be subtracted from the reasonable hours expended, as Plaintiff was unsuccessful in this claim. Accordingly, the following hours which were specifically attributed to defending against the counterclaim are excluded: 10.2 hours for Howard

11

Olinsky, 1.5 hours for Jaya Shurtliff and 3 hours for Marcie Eaton.

Lastly, this Court finds that a 10% across the board reduction in fees is appropriate given the fact that many of attorneys' time sheet entries are vague and appear to be duplicative, and some reveal the failure to properly delegate purely administrative tasks.  For example, many of the entries list the work performed by all attorneys as "draft" or "redraft" motions for summary judgment or "memorandum."  It appears that some of this work may have been duplicative, given that both partners and the associate have several entries for the same function, without further explanation. While it is obvious that the associate's work was reviewed by the partners, it is unclear from the entries who reviewed the document at what time, whether both partners reviewed the document, which would seem to duplicate work, or whether the partners were reviewing separate sections or legal arguments. It is also unclear what "memorandum" is being referred to in the entries, as Plaintiff submitted multiple memoranda, so it is impossible to determine whether the work on the "memorandum" was reasonable.  The time sheet also lists many entries of .2 hours for Howard Olinsky's review of court filing notices.  It seems that  such a clerical task would not require the experience of a partner at a law firm, and could easily be accomplished by a lower level associate or an administrative staff member.  Lastly, the time records list several entries for the receipt and review of the administrative record.

For instance, one entry by Howard Olinsky (presumably far into the litigation as it is listed among entries related to the motions for summary judgment) logs 6 hours for the "receipt and review of voluminous discovery documents" submitted in connection with Defendant's motion for summary judgment. However, the documents filed in connection with that motion were already in the Plaintiff's possession, as part of the administrative record, and Plaintiff was represented by the same attorneys at the administrative level. This suggests that Plaintiff's counsel should have been familiar with all documents submitted and that 6 hours to review the records was excessive, particularly because Plaintiff had already begun preparing his own motion for summary judgment based on the same materials.

Accordingly, Plaintiff is awarded attorney's fees as follows: 192.3 hours of work performed by Howard D. Olinsky, Esq., at a rate of $300 per hour ($57,690); 32.7 hours performed by Jaya A. Shurtliff, Esq, at a rate of $300 per hour ($9,810); and 129.6 hours of work performed by Marcie P. Eaton, at a rate of $200.00 per hour ($25,920); minus a 10% across the board deduction, totaling $84,078.

Plaintiff has not responded to Defendant's argument that the costs incurred prior to the commencement of this lawsuit should not be compensable. Accordingly, Plaintiff is also awarded costs in the amount of $874.22, which represents all of Plaintiff's costs

incurred after this litigation was filed.

## **CONCLUSION**

For the reasons set forth below, Plaintiff's motion for attorney's fees and costs is granted, and Plaintiff is awarded attorney's fees in the amount of $84,078 and costs in the amount of $874.22. Defendant's cross-motion for attorney's fees and costs is denied. The Clerk of the Court is direct to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

> s/Michael A. Telesca
> MICHAEL A. TELESCA
> United States District Judge

Dated:   Rochester, New York
         August 10, 2011